Antonia B. Ianniello
202 429 8087
aianniello@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

**Steptoe**

February 1, 2022

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals
   for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:** *Deer Mountain Inn LLC v. Union Ins. Co.*, No. 21-1513
**Submission of Supplemental Authority by Union Insurance Company ("Union") re** *Kim-Chee LLC v. Phila. Indem. Ins. Co.*, No. 21-1082-cv, 2022 WL 258569 (2d Cir. Jan. 28, 2022); *Rye Ridge Corp. v. Cincinnati Ins. Co*, No. 21-1323-cv, 2022 WL 120782 (2d Cir. Jan. 13, 2022)

Dear Ms. Wolfe:

Since deciding *10012 Holdings, Inc. v. Sentinel Insurance Co.*, 21 F.4th 216 (2d Cir. 2021), this Court has twice more held that, under New York law, economic losses stemming from COVID-19 and the resulting governmental orders are not covered under commercial property policies.

In *Kim-Chee*, this Court considered policy language identical to that in the Union Policy and held that a policyholder "cannot base its business interruption claim on loss of possession or access." 2022 WL 258569, at *1. Citing *10012 Holdings*, the Court again relied on *Roundabout Theatre Co. v. Continental Casualty Co.*, 751 N.Y.S.2d 4 (App. Div. 2002), to hold that "'direct physical loss' unambiguously 'do[es] not extend to mere loss of use of a premises, where there has been no physical damage." 2022 WL 258569, at *1.

In *Rye Ridge*, the Court similarly rejected the policyholders' argument that they "experienced a 'direct physical loss' within the meaning of their insurance policy" when they limited the use of their restaurants to dine-in service to comply with governmental orders issued in response to COVID-19. 2022 WL 120782, at *1. It noted that the policies at issue were "not materially different from" the *10012 Holdings* policies, and the policyholders had alleged "nothing more than the loss of use of [their] premises." *See id.* at *1-2.

Steptoe

Catherine O'Hagan Wolfe
February 1, 2022
Page 2

      Other federal circuit courts around the country continue to reach the same conclusion. Since this Court decided *10012 Holdings*, the Fifth Circuit in *Terry Black's Barbecue, L.L.C. v. State Automobile Mutual Insurance Co.*, __ F.4th __, 2022 WL 43170 (5th Cir. Jan. 5, 2022), and *Aggie Investments, L.L.C. v. Continental Casualty Co.*, No. 21-40382, 2022 WL 257439 (5th Cir. Jan. 26, 2022), the Sixth Circuit in *Estes v. Cincinnati Insurance Co.*, __ F.4th __, 2022 WL 108606 (6th Cir. Jan. 12, 2022), and the Eleventh Circuit in *Ascent Hospitality Management Co. v. Employers Insurance Co. of Wausau*, No. 21-11924, 2022 WL 130722 (11th Cir. Jan. 14, 2022), have all affirmed dismissals of complaints seeking coverage for COVID-19-related business income claims under substantially similar policies, as have state appellate courts in California, Indiana, and Ohio.

                                            Respectfully submitted,

                                            *Antonia B. Ianniello*
                                            Antonia B. Ianniello
                                            *Counsel for Appellee Union Insurance Company*

cc:      Counsel of Record