# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | DONALD F. MICELI | **5 BECKER FARM ROAD** | PETER G. STEWART | RAYMOND J. LILLIE |
| JAN ALAN BRODY | CARL R. WOODWARD, III | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | MEGAN A. NATALE |
| JOHN M. AGNELLO | MELISSA E. FLAX | **PHONE (973) 994-1700** | AVRAM S. EULE | GREGORY G. MAROTTA |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | **FAX (973) 994-1744** | JAMES A. O'BRIEN, III | KEVIN G. COOPER |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | www.carellabyrne.com | JOHN G. ESMERADO | MARYSSA P. GEIST |
| | BRIAN H. FENLON | | STEVEN G. TYSON | JORDAN M. STEELE** |
| | LINDSEY H. TAYLOR | | MATTHEW J. CERES | ZACHARY A. JACOBS*** |
| | CAROLINE F. BARTLETT | | MARC D. MORY | WILLIAM H. WILLIAMS, X |
| | ZACHARY S. BOWER+ | February 1, 2022 | | MICHAEL K. BELOSTOCK |
| | DONALD A. ECKLUND | | OF COUNSEL | BRIAN F. O'TOOLE** |
| | CHRISTOPHER H. WESTRICK* | | | |
| | STEPHEN R. DANEK | | *CERTIFIED BY THE SUPREME COURT OF | |
| | MICHAEL A. INNES | | NEW JERSEY AS A CIVIL TRIAL ATTORNEY | |
| | | | +MEMBER FL BAR ONLY | |
| | | | **MEMBER NY BAR ONLY | |
| | | | ***MEMBER IL BAR ONLY | |

<u>VIA ELECTRONIC FILING</u>

Clerk
United States Court of Appeals
for the Second Circuit
40 Centre Street
New York, New York 10007

    Re:    *Deer Mountain Inn LLC v. Union Ins. Co.*.
           Docket No. 21-1513
           Response to Rule 28(j) letter regarding: *Kim-Chee LLC v. Philadelphia Indemnity Ins. Co.*, 2022 WL 248569 (2d Cir. Jan. 28, 2022); *Rye Ridge Corp v. Cincinnati Ins. Co.*, 2022 WL 120782 (2d Cir. Jan. 13, 2022); *Terry Black's Barbecue LLC v. State Auto. Mut. Ins. Co.*, 2022 WL 43170 (5th Cir. Jan. 5, 2022); *Estes v. Cincinnati Ins. Co.*, 2022 WL 108606 (6th Cir. Jan. 12, 2022); *Ascent Hospitality Management Co. v. Employers Insurance Co. of Wausau*, 2022 WL 130711 (11th Cir. Jan. 14, 2022).

To the Honorable Court:

    Please accept this response to Appellee Union Insurance's Rule 28(j) letter dated February 1, 2022 regarding the above decisions.

    In both *Kim-Chee* and *Rye Ridge*, the Court followed *10012 Holdings, Inc. v. Sentinel Ins. Co.*, 2021 WL 6109961 (2d Cir. Dec. 27, 2021). *10012 Holdings* relied upon *Roundabout Theatre Co., Inc. v. Continental Cas. Co.*, 302 A.D.2d 1 (1st Dept. 2002), holding that physical loss or damage "provides coverage only where the insured's property suffers direct physical damage". 2021 WL 6109961, at *2.

    We are not oblivious to the direction the Court is taking in its recent decisions relating to COVID business interruption claims, but *Roundabout Theatre* is still contrary to decisions by the New York Court of Appeals and other Appellate Divisions that words separated by "or" must be read as different things, and that that an insured suffers a "loss" if the property's function is impaired, as was discussed in our Opening Brief at 12-21 and Reply Brief at 1-12. The holding that "physical loss or damage" requires "direct physical damage" cannot be squared with these rules.

Clerk
United States Court of Appeals
for the Second Circuit
February 1, 2022
Page 2

In *Terry Black's*, the court recognized "loss" and "damage" were different, but only interpreted "loss" because the insured did not claim it had suffered "damage". *Id*. at *3, n. 4. The court then interpreted "loss" to require a physical alteration of the property relying, in part, upon federal common law. *Id.* at *4-5. *Aggie Investments* relied upon *Terry Black's* and the "period of restoration". *Id.* at *2. The "period of restoration" argument is addressed in our Brief at 34-36 and Reply Brief a 11-12. The reasons why the other federal court of appeals decisions were incorrectly decided are addressed in our Reply Brief at 8, n. 6 and in our responses to Union's Rule 28(j) letters.

*Estes* relied upon the Sixth Circuit's prior decision in *Santo's Italian Café LLC v. Acuity Ins. Co.*, 15 F.4th 398 (6th Cir. 2021). The reasons why *Santo's* was incorrect are discussed in our October 13, 2021 Rule 28(j) letter.

*Ascent Hospitality* was decided under New York law, relying upon *Roundabout Theatre.*

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

/s/ Lindsey H. Taylor

LINDSEY H. TAYLOR

cc: All Persons On ECF Service List